12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador ESQUEDA-DELGADILLO, Defendant-Appellant.
 No. 93-50273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Esqueda-Delgadillo appeals his convictions following jury trial for importing marijuana in violation of 21 U.S.C. Secs. 952, 960, and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Esqueda-Delgadillo contends the district court erred by denying his motion for judgment of acquittal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Esqueda-Delgadillo argues the government, proceeding under a theory of constructive possession, provided insufficient evidence to prove he had knowledge of the presence of the marijuana concealed under the truck he drove across the border. This argument lacks merit.
 
 
 4
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 5
 To sustain a conviction under 21 U.S.C. Secs. 952, 960, the government must prove that the defendant knowingly and intentionally imported marijuana. United States v. Flickinger, 573 F.2d 1349, 1359 (9th Cir.), cert. denied, 439 U.S. 836 (1978). The essential elements of a section 841(a)(1) offense, possession with intent to distribute marijuana, require the government to show the defendant had dominion and control of the marijuana and knowledge of its existence. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). Possession and knowledge can be established by circumstantial evidence. Id. If the defendant has exclusive control over the premises where the contraband is found, knowledge and control may be inferred. Id.; see also United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986).
 
 
 6
 Here, Esqueda-Delgadillo, driving a 1979 pickup truck with no passengers, entered the United States at the San Ysidro Port of Entry on May 30, 1992. At the inspection station, a narcotics detector dog alerted to a metal box concealed underneath Esqueda-Delgadillo's truck. The box contained 8.38 kilograms of marijuana.
 
 
 7
 The following evidence was adduced at trial:
 
 
 8
 Esqueda-Delgadillo told Drug Enforcement Agent Risby he recently met a man named Chema at a restaurant in Mexico. When Chema overheard Esqueda-Delgadillo say he needed an engine, he told Esqueda-Delgadillo he could obtain one from Juan and Jaime in Santa Ana, California. Chema also offered to loan Esqueda-Delgadillo a truck to transport the engine from Santa Ana to Mexico.
 
 
 9
 At 4:30 a.m. on the morning of his arrest, Esqueda-Delgadillo met Chema on a dirt road in Mexico. Chema gave Esqueda-Delgadillo the truck and instructed him to leave it with Juan and/or Jaime for 45 minutes so they could check the differential and load the engine.
 
 
 10
 Esqueda-Delgadillo did not know the surnames of Chema, Juan or Jaime. He agreed to telephone the men and allow Agent Risby to monitor the calls. When Esqueda-Delgadillo telephoned Juan and Jaime's number and asked to speak with either of them, an unidentified male asked who was calling. Esqueda-Delgadillo first identified himself as the person who was supposed to pick up the engine, but then stated that he was in jail. The unidentified male informed Esqueda-Delgadillo that Juan and Jaime were somewhere in the interior of Mexico and he did not know when they would return.
 
 
 11
 Esqueda-Delgadillo could not reach Chema by telephone either. When Esqueda-Delgadillo telephoned the number and asked for Chema, an unidentified female asked who was calling. When Esqueda-Delgadillo identified himself as Salvador, the unidentified female told him Chema was not in. When Esqueda-Delgadillo asked where Chema was, the woman said she did not know because Chema "comes and goes." Later, Agent Risby learned that Chema had provided the telephone number for a restaurant in Rosarito, Mexico where he picked up messages.
 
 
 12
 Esqueda-Delgadillo also drew a map to Juan and Jaime's place for Agent Risby. On the map, Esqueda-Delgadillo wrote the address as 3705 Hazard Street, Santa Ana. Although that address proved nonexistent, the telephone number Esqueda-Delgadillo used to call Juan and Jaime was traced to a phone in the name of Rosa Maria Branjas at 3507 Hazard Street, Santa Ana. Telephone service was disconnected in June 1992.
 
 
 13
 Checking the vehicle registration, Agent Risby learned that Esqueda-Delgadillo had owned the 1979 pickup truck until January 1992, when he sold it to his brother, Timeteo. Timeteo, who lived with Esqueda-Delgadillo in Rosarito, Mexico, owned the truck at the time Esqueda-Delgadillo was arrested.
 
 
 14
 Viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence from which a rational jury could find Esqueda-Delgadillo had knowledge of the marijuana concealed underneath it. See Castillo, 866 F.2d at 1086. Contrary to Esqueda-Delgadillo's assertion he unwittingly transported marijuana across the border for Chema, the evidence revealed that Esqueda-Delgadillo's brother owned the truck and that Esqueda-Delgadillo sold it to him. This fundamental rift in his story permitted the jury to infer Esqueda-Delgadillo's knowledge about the marijuana from his subsequent "cooperation" with Agent Risby.
 
 
 15
 Because Esqueda-Delgadillo did not borrow Chema's truck, he had no reason to have Chema's telephone number or to try to telephone Chema after his arrest. The jury could reasonably conclude Esqueda-Delgadillo had Chema's telephone number because he was working with Chema to transport the marijuana across the border. Likewise, the jury could infer Esqueda-Delgadillo telephoned Chema to notify him that the trip had gone awry. Moreover, the use of the restaurant telephone as a message drop provides support for the conclusion the two men were trafficking marijuana.
 
 
 16
 The evidence also suggested Esqueda-Delgadillo transposed the numbers in Juan and Jaime's address to create the appearance of cooperation without actually revealing Juan and Jaime's location. Moreover, once it was apparent that Esqueda-Delgadillo's did not borrow the truck from Chema, the telephone call to Juan and Jaime suggests Esqueda-Delgadillo was actually warning someone about his arrest. Esqueda-Delgadillo immediately told the unidentified male who answered that he was in jail.
 
 
 17
 Accordingly, we hold the district court did not err by denying Esqueda-Delgadillo's motion for judgment of acquittal. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3